UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JOSEPH R. WARNER, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, |  |
| v. | Civil Action<br>No. 1:23-CV-03334-KMW-MJS |
| BARBARA J. WARNER, |  |
| Defendant. | **MEMORANDUM OPINION**<br>**AND ORDER** |

**THIS MATTER** having come before the Court by way of the Motion filed by defendant Barbara Warner ("Defendant") to dismiss the Complaint of plaintiff Joseph Warner ("Plaintiff") under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction[1] or, in the alternative, for failure to state a claim under Rule 12(b)(6)[2]; and

---

[1] Once a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). That burden of proof must be sustained "through sworn affidavits or other competent evidence," and "[a]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 n.6 (3d Cir. 2004) (quoting *Patterson v. FBI*, 893 F.2d 595, 603–604 (3d Cir. 1990)). However, in cases where discovery or an evidentiary hearing has not occurred, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have [his] allegations taken as true and all factual disputes drawn in its favor." *Id.*

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "detailed factual allegations," but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not suffice if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "The defense of claim preclusion . . . may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision." *Toscano v. Connecticut Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (noting that a court may specifically take "judicial notice of the record from a previous court proceeding between the parties").

**THE COURT HAVING CONSIDERED** Defendant's Motion (ECF No. 8), Plaintiff's Opposition thereto (ECF No. 9), as well as Plaintiff's supplemental submissions (ECF Nos. 12, 14); and

**THE COURT OBSERVING** that on November 3, 2022, Plaintiff filed a Complaint in the U.S. District Court for the District of Nebraska (the "Nebraska Court'), alleging a single claim against Defendant for breach of fiduciary duty, *see Warner v. Warner*, No. 8:22-CV-00377-RFR-MDN (D. Neb.); and

**THE COURT FURTHER OBSERVING** that on May 26, 2023, the Nebraska Court found that Plaintiff's claim was barred by Nebraska's two-year statute of limitations and consequently dismissed Plaintiff's Complaint with prejudice (ECF No. 8-1); and

**THE COURT FURTHER OBSERVING** that three weeks later, Plaintiff refiled his Complaint in this Court and now submits that New Jersey's six-year statute of limitations—supplemented with other equitable doctrines—renders his claim timely (ECF Nos. 1 at 5–6; 9 at 18–25)[3]; and

**THE COURT FINDING** that Plaintiff has failed to carry his burden of demonstrating personal jurisdiction over Defendant[4];

---

[3] To be clear, Plaintiff has never argued that New Jersey law governs his claim. Indeed, before the Nebraska Court, he argued for the application six-year statute of limitations under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1113. (ECF No. 8-1 at 5–6.) Plaintiff gave "no basis for federal jurisdiction but claim[ed] it should apply because it 'is analogous' to his fiduciary-duty claim." (*Id.* at 6.)

[4] When assessing personal jurisdiction, federal district courts sitting in New Jersey must determine "whether the exercise of jurisdiction comports with due process." *Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 435 (D.N.J. 2015). There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction, only the latter of which is implicated in this case. *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). To exercise specific jurisdiction over a nonresident defendant, (1) the defendant must have "purposefully directed [her] activities at the forum"; (2) the litigation must "arise out of or relate to at least one of those activities";

**IT IS** this **20ᵗʰ** day of **March 2024** hereby

**ORDERED** that Defendant's Motion (ECF No. 8) is **GRANTED**, **IN PART**, and **DENIED**, **IN PART**, as follows:

A) Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction is **GRANTED**;

B) Defendant's Motion, insofar as it seeks dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, is **DENIED AS MOOT**[5];

---

and (3) if the prior two requirements are met, "a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotation marks omitted).

Here, Plaintiff argues that personal jurisdiction over Defendant exists because the latter assumed her role as personal representative of their mother's estate knowing that one of its beneficiaries (*i.e.*, Plaintiff) was domiciled in New Jersey. *See* Pl.'s Opp. at 5. Plaintiff also purports to submit numerous "statutorily required communication[s]," which were sent to him either by Defendant or her attorneys, and concerned their mother's conservatorship or estate. Pl.'s Opp. at 6–7. Plaintiff points to these communications, many of which merely enclose specific probate filings, as proof that Defendant "purposefully directed" her activities at this forum. *Id.* However, there is nothing jurisdictionally remarkable about a Nebraska resident complying with applicable state law governing her duties in connection with a Nebraska-based conservatorship or decedent's estate. *See, e.g.*, NEB. REV. STAT. ANN. §§ 30-2445 (indicating that a personal representative "submits personally" to the Nebraska court overseeing decedent's estate); 30-2634(a)(1) (requiring notice to conservatee's adult children); 30-2222(3) (requiring notice be given to "every interested person" connected to decedent's estate); 30-2464 (describing scope of a personal representative's fiduciary duty to persons interested in estate). That Plaintiff might be incidentally domiciled in New Jersey does not establish personal jurisdiction over Defendant.

[5] Even if the Court had personal jurisdiction over Defendant, the Court would find that Plaintiff is precluded from relitigating his Complaint and would accordingly grant Defendant's Rule 12(b)(6) Motion. "Claim preclusion," formerly referred to as "*res judicata*," protects litigants "from the burden of relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation." *Lewis v. Smith*, 361 F. App'x 421, 423 (3d Cir. 2010) (quotation marks omitted). Three elements are required for the doctrine to take effect: (1) a final judgment on the merits must have been rendered in a prior suit; (2) the same parties or their privies must have been involved in both suits; and (3) the subsequent suit must have been based on the same cause of action as the original. *See id.*

All three elements are met here. This case involves the same claim, parties, allegations, and indeed the same Complaint previously dismissed by the Nebraska Court. *See* Fed. R. Civ. P. 41(b) ("[A]ny dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). Tellingly, Plaintiff neither acknowledges nor addresses Defendant's specific arguments regarding claim preclusion. Rather, his Opposition takes the opportunity to register his disagreements with the Nebraska Court's reasoning and asks this Court to find that his Complaint "was not time barred by any applicable statute of limitations." (ECF No. 9 at 26.) This is not how the law works. Plaintiff could have appealed from the Nebraska Court's order. Instead, he elected to institute this second civil action, which is barred by the final judgment entered in the first. Plaintiff's "*pro se* status does not relieve [him] of the consequences of that procedural misstep,"

**C)** Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**;

**D)** The Clerk of Court shall mark this matter as **CLOSED**.


/s/ *Karen M. Williams*
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

and his attempts to shop for a more favorable forum at this juncture are unequivocally prohibited. *McHale v. Kelly*, 527 F. App'x 149, 152 (3d Cir. 2013) (holding that second civil action filed by *pro se* plaintiffs was barred by *res judicata* after first suit was dismissed as untimely by separate court).